■ GLORIA CANTALUPO et al., Appellants, v JOHN ANTHONY's WATER CAFE, INC., Respondent. [721 NYS2d 397] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 29, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Gloria Cantalupo allegedly slipped and fell on a puddle on the dance floor at the defendant's catering hall. The plaintiffs contend that the defendant had constructive notice of this alleged dangerous condition because the plaintiffs noticed the puddle 15 or 20 minutes before the accident.

Contrary to the plaintiffs' contention, that evidence is insufficient for a trier of fact to infer that the defendant had constructive notice of the alleged dangerous condition (*see, Hartmann v H.K.E. Realty Corp.*, 228 AD2d 558). "Constructive notice requires proof that a defect was visible and apparent and that it existed for a sufficient length of time before the accident to permit the defendant's employees to discover and remedy it" (*Fox v Kamal Corp.*, 271 AD2d 485; *see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837). In this case, there is no evidence that the alleged puddle on an 800-square-foot crowded dance floor was visible and apparent to the defendant's employees at any time before the accident. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.