■ NIKI YIOVES, Appellant, v T.J. MAXX, INC., Respondent.
[815 NYS2d 119]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Polizzi, J.), entered September 13, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly slipped and fell on a puddle of a liquid substance by the lotion/liquid soap section of a store owned by the defendant. For about 20 to 25 minutes before the accident, the plaintiff browsed around in the adjacent sportswear section, about seven feet away from the accident site. She did not see anyone in either the sportswear or the lotion/liquid soap section while she was browsing, and did not see anything on the floor before the accident. After the accident, she noticed that the foreign substance on the floor was about four feet long and two feet wide. The defendant's employees testified about the store's general inspection/clean up policy. However, neither of the employees testified as to whether the procedure was followed that day.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]; *Stumacher v Waldbaum, Inc.*, 274 AD2d 572 [2000]; *Goldman v Waldbaum, Inc.*, 248 AD2d

436 [1998]). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Joachim v 1824 Church Ave., supra*).

Here, the defendant did not satisfy its initial burden. The defendant failed to submit evidence sufficient to establish that the alleged puddle at issue was not visible and apparent (*cf. Cantalupo v Anthony's Water Café,* 281 AD2d 382 [2001]). The defendant also failed to submit evidence sufficient to establish when the area in question was last inspected or cleaned on the day of the plaintiff's accident (*see Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]; *Beltran v Metropolitan Life Ins. Co.,* 259 AD2d 456 [1999]; *Mancini v Quality Mkts.,* 256 AD2d 1177 [1998]; *Van Steenburg v Great Atl. & Pac. Tea Co.,* 235 AD2d 1001 [1997]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment. Adams, J.P., Mastro, Fisher and Covello, JJ., concur.