■ ELROY MUSSO, Appellant, v MACRAY MOVERS, INC., Defendant, and P & A AUTO ELECTRIC CORP. et al., Respondents. [822 NYS2d 305]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated October 28, 2005, which granted the motion of the defendants P & A Auto Electric Corp., and Prez Realty, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants P & A Auto Electric Corp., and Prez Realty, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.

To be entitled to judgment as a matter of law in a slip-and-fall case, a landowner must establish, prima facie, that it did not create the condition that caused the fall and did not have actual or constructive notice of that condition in a reasonably sufficient time to remedy it (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]; *Soon Rae Kim v Caesar Chemists*, 297 AD2d 797, 797-798 [2002]; *Urena v New York City Tr. Auth.*, 248 AD2d 377, 378 [1998]). The failure of a landowner to make such a showing requires denial of the motion without regard to the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]).

Here, the respondents did not establish their prima facie entitlement to judgment as a matter of law since they failed to demonstrate that the ice on which the plaintiff slipped was not present several days before the accident. Contrary to the respondents' assertions before the Supreme Court and in this Court, the owner of the respondent P & A Auto Electric Corp. did not testify at his deposition that there was no ice on the ground in the days before the accident. Crane, J.P., Goldstein, Rivera and Lifson, JJ., concur.