■ GAIL ANN COX, Appellant, v HUNTINGTON QUADRANGLE No. 1 COMPANY et al., Defendants, and NORTH HILLS OFFICE SERVICES, INC., Respondent. [826 NYS2d 638]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated April 25, 2005, as, upon reargument, granted the prior cross motion of the defendant North Hills Office Services, Inc., for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court dated December 3, 2004.

Ordered that the order dated April 25, 2005 is reversed insofar as appealed from, on the law, with costs, and upon reargument, the determination in the order dated December 3, 2004, denying the cross motion of the defendant North Hills Office Services, Inc., for summary judgment dismissing the complaint insofar as asserted against it is adhered to.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Yioves v T.J. Maxx, Inc.*, 29 AD3d 572 [2006]; *Britto v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Yioves v T.J. Maxx, supra; Britto v Great Atl. & Pac. Tea Co., supra*).

Here, the defendant North Hills Office Services, Inc. (hereinafter North Hills ), failed to make a prima facie showing that it was entitled to judgment as a matter of law on the ground that it had no notice of the condition which allegedly caused the

plaintiff's fall. The burden of establishing lack of notice cannot be satisfied merely by pointing out gaps in the plaintiff's case (*see South v K-Mart Corp.*, 24 AD3d 748 [2005]; *Mennerich v Esposito*, 4 AD3d 399 [2004]), and North Hills submitted no evidence to establish when the area where the accident occurred was last inspected or cleaned (*see Yioves v T.J. Maxx, supra*; *Britto v Great Atl. & Pac. Tea Co., supra*; *Joachim v 1824 Church Ave., supra*). Accordingly, upon reargument, the court should have adhered to its prior determination denying North Hills' cross motion for summary judgment dismissing the complaint insofar as asserted against it. Florio, J.P., Krausman, Lunn and Covello, JJ., concur.