■ GERMANA DeFALCO, Appellant, v BJ's WHOLESALE CLUB, INC., Respondent. [832 NYS2d 632]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated May 11, 2006, which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Ulu v ITT Sheraton Corp.*, 27 AD3d 554 [2006], quoting *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511; *see Roethgen v AMF Babylon Lanes*, 30 AD3d 398 [2006]; *Yioves v T.J. Maxx, Inc.*, 29 AD3d 572 [2006]; *Daniels v Brisbane Leasing Ltd. Partnership*, 24 AD3d 409 [2005]). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Yioves v T.J. Maxx, Inc., supra* at 573).

Here, the defendant failed to make a prima facie showing that it was entitled to judgment as a matter of law on the ground that it had no notice of the condition which allegedly caused the plaintiff's fall. This burden cannot be satisfied merely by pointing out gaps in the plaintiff's case (*see Cox v Huntington Quadrangle No. 1 Co.*, 35 AD3d 523 [2006]; *Pearson v Parkside Ltd. Liab. Co.*, 27 AD3d 539 [2006]; *South v K-Mart Corp.*, 24 AD3d 748 [2005]; *Mondello v DiStefano*, 16 AD3d 637, 638 [2005]; *Surdo v Albany Collision Supply, Inc.*, 8 AD3d 655 [2004]; *O'Leary v Bravo Hylan, LLC*, 8 AD3d 542 [2004]).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur. [*See* 12 Misc 3d 1159(A), 2006 NY Slip Op 50970(U) (2006).]