■ MARIEL CHETCUTI et al., Appellants, v WAL-MART STORES, INC., et al., Respondents. [839 NYS2d 551]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Murphy, J.), entered December 15, 2005, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion pursuant to CPLR 3126 for sanctions based on spoliation of evidence.

Ordered that the appeal by the plaintiff Peter Chetcuti is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from by the plaintiff Mariel Chetcuti, without costs or disbursements.

The plaintiff Mariel Chetcuti (hereinafter the plaintiff) allegedly slipped and fell on a green substance on the floor of the defendants' store. Although there were no witnesses to the accident, one of the assistant store managers, Beverly Jean Bovian, observed the green substance on the floor shortly after the plaintiff's fall and noted in an accident report that it had come from a small bottle of fragrance oil that had fallen from a plastic display attached to a shelf, known as a "clip strip," on which small items are hung.

On this record, the defendants' motion papers left unresolved triable issues of fact as to whether they created the alleged dangerous condition or, alternatively, whether they had actual or constructive notice of its existence (*see Lafrancesca v Wal-Mart Stores, Inc.*, 23 AD3d 351 [2005]). Accordingly, the

defendants' motion should have been denied for failure to make out a prima facie case (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]).

The plaintiff's contention that the defendants engaged in sanctionable conduct by failing to take photographs of the alleged hazardous condition before cleaning it up is without merit (*see Barahona v Trustees of Columbia Univ. in City of N.Y.,* 16 AD3d 445, 446 [2005]; *Favish v Tepler,* 294 AD2d 396 [2002]). Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.