■ Patricia Gregg, Appellant, v Key Food Supermarket, Respondent. [858 NYS2d 220]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated May 2, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff alleged that she was injured when she slipped on a puddle of water extending approximately four feet from a freezer at the defendant supermarket. After discovery was completed, the defendant moved for summary judgment dismissing the complaint on the ground that it had neither created the dangerous condition that allegedly caused the plaintiff's injuries nor had actual nor constructive notice of it.

To demonstrate its entitlement to summary judgment in a slip-and-fall case, a defendant must establish, prima facie, that it did not create the condition that allegedly caused the fall and did not have actual or constructive notice of that condition for a sufficient length of time to remedy it (*see Musso v Macray Movers, Inc.,* 33 AD3d 594, 595 [2006]; *Yioves v T.J. Maxx, Inc.,* 29 AD3d 572 [2006]; *Ulu v ITT Sheraton Corp.,* 27 AD3d 554

[2006]). This burden cannot be satisfied merely by pointing to gaps in the plaintiff's case (*see DeFalco v BJ's Wholesale Club, Inc.*, 38 AD3d 824, 825 [2007]; *Cox v Huntington Quadrangle No. 1 Co.*, 35 AD3d 523, 524; *Pearson v Parkside Ltd. Liab. Co.*, 27 AD3d 539 [2006]). Moreover, when the defendant fails to meets its burden, the motion must be denied without regard to the sufficiency of the plaintiff's opposition papers (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]; *Musso v Macray Movers, Inc.*, 33 AD3d at 595; *Flynn v Fedcap Rehabilitation Servs., Inc.* 31 AD3d 602, 603 [2006]).

Here, the defendant failed to satisfy its prima facie burden of establishing lack of notice. Accordingly, its motion for summary judgment dismissing the complaint should have been denied (*see Cox v Huntington Quadrangle No. 1 Co.*, 35 AD3d at 523-524; *Ames v Waldbaum, Inc.*, 34 AD3d 607 [2006]; *Yioves v T.J. Maxx, Inc.*, 29 AD3d at 573). Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.