■ Ishyra Smith, Respondent, v New York City Housing Authority, Appellant. [861 NYS2d 379]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Balter, J.), dated September 5, 2007, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

On September 7, 2004 the eight-year-old plaintiff allegedly was injured at a playground on the defendant's premises when she climbed on an inverted fish tank and the glass broke, causing injuries to her leg. The plaintiff's mother testified that the fish tank had not been in the playground the day before, but that it was there when she and the plaintiff arrived late in the afternoon or evening on the day of the accident. Other evidence was offered to show that the fish tank had been in a "drop area" adjacent to the playground for one or two weeks and that a child dragged it into the playground when the plaintiff arrived on the day of the accident. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We affirm.

A landowner has a duty to exercise reasonable care to maintain its premises in a reasonably safe condition " 'in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Basso v Miller*, 40 NY2d 233, 241 [1976], quoting *Smith v Arbaugh's Rest., Inc.*, 469 F2d 97, 100 [1972]; *see Karsdon v Barringer*, 298 AD2d 501 [2002]; *Kurshals v Connetquot Cent. School Dist.*, 227 AD2d 593, 593-594 [1996]). A defendant in a premises liability case may establish its prima facie entitlement to judgment as a matter of law, inter alia, by establishing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient time to remedy it (*see Abrams v Powerhouse Gym Merrick*, 284 AD2d 487, 487-488 [2001]; *cf. Gregg v Key Food Supermarket*, 50 AD3d 1093 [2008]), or that the accident was not foreseeable (*see Shater v Alzubaidi*, 17 AD3d 443, 444 [2005]; *Barth v City of New York*, 307 AD2d 943, 944 [2003]). Here, the defendant

failed to establish its prima facie entitlement to judgment as a matter of law.

Inasmuch as the evidence established that, for several days prior to the accident, the fish tank was left either in the playground—a place in which children are supposed to jump and play—or in an area adjacent to it, we cannot say as a matter of law that the plaintiff's act of climbing or jumping on the tank was unforeseeable (*see Li v Midland Assoc., LLC,* 26 AD3d 473, 474 [2006]). Nor, on the record presented, did the defendant establish that it lacked notice of the presence of the fish tank either in or adjacent to the playground in sufficient time to remove or safeguard it (*see Gregg v Key Food Supermarket,* 50 AD3d 1093, 1094 [2008]; *Cox v Huntington Quadrangle No. 1 Co.,* 35 AD3d 523 [2006]). Consequently, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.