■ BRENDA STROPPEL et al., Appellants, v WAL-MART STORES, INC., Respondent. [862 NYS2d 554]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated January 2, 2007, as granted the defendant's motion for summary judgment dismissing the complaint and denied that branch of their cross motion which was to impose sanctions pursuant to CPLR 3126, and (2) from so much of an order of the same court dated April 17, 2007, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 2, 2007, is dismissed, as that order was superseded by the order dated April 17, 2007, made upon reargument; and it is further,

Ordered that the order dated April 17, 2007, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to so much of the original determination as granted the defendant's motion for summary judgment dismissing the complaint, and substituting therefor provisions, upon reargument, vacating so much of the original determination as granted the motion for summary judgment dismissing the complaint, and thereupon, denying that motion; as so modified, the order dated April 17, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

On September 18, 2002, the plaintiff Brenda Stroppel (hereinafter the plaintiff) allegedly was injured when she tripped and fell on a blouse on the floor of the defendant's store. Although there was no evidence as to how long the blouse had been there, the defendant presented evidence that announcements were made at regular intervals directing employees to make "safety sweeps" of the areas to which they were assigned. The defendant's own evidence, however, established that none of its employees was assigned to the area where the plaintiff allegedly fell for approximately 2½ hours preceding the accident. The defendant moved for summary judgment dismissing the complaint, and the plaintiff cross-moved, inter alia, to strike the defendant's answer or for the imposition of other sanctions based on the defendant's failure to preserve the log of "safety sweep" announcements made in the store on the day of the accident. The Supreme Court granted the defendant's motion for summary judgment and denied the plaintiff's cross motion, and thereafter adhered to its determination on reargument. We modify.

A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing its prima facie entitlement to judgment as a matter of law through evidence that it neither created the hazardous condition nor had actual or

constructive notice of its existence for a sufficient time to remedy it (*see Gregg v Key Food Supermarket*, 50 AD3d 1093 [2008]; *DeFalco v BJ's Wholesale Club, Inc.*, 38 AD3d 824, 825 [2007]). This burden cannot be satisfied merely by pointing out gaps in the plaintiff's case (*see Picart v Brookhaven Country Day School*, 37 AD3d 798, 799 [2007]). Here, the defendant failed to establish, prima facie, that it did not have actual or constructive notice of the blouse on the floor for a sufficient time to remove it. Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint (*see Chetcuti v Wal-Mart Stores, Inc.*, 42 AD3d 419, 419-420 [2007]; *cf. Borenkoff v Old Navy*, 37 AD3d 749, 750 [2007]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which sought to impose sanctions for the defendant's failure to preserve the log of "safety sweep" announcements made on the day of the plaintiff's injury. "Where the evidence lost is not central to the case or its destruction is not prejudicial, a lesser sanction, or no sanction, may be appropriate" (*Klein v Ford Motor Co.*, 303 AD2d 376, 377 [2003]; *see Riley v ISS Intl. Serv. Sys.*, 304 AD2d 637 [2003]; *cf. DiDomenico v C & S Aeromatik Supplies*, 252 AD2d 41, 53 [1998]). Inasmuch as the discovery provided by the defendant indicated that no one was assigned to the area of the store where the incident occurred, the log of announcements was not crucial evidence and the plaintiffs were not prejudiced by the defendant's failure to preserve it. Fisher, J.P., Carni, McCarthy and Belen, JJ., concur.