■ JOANNE EDWARDS et al., Respondents, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Doing Business as WALDBAUMS, Appellant. [895 NYS2d 723]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated October 30, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In a slip-and-fall case, the defendant moving for summary judgment has the burden of demonstrating, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gregg v Key Food Supermarket*, 50 AD3d 1093 [2008]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409 [2006]). A defendant who had actual notice of a recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition (*see Kohout v Molloy Coll.*, 61 AD3d 640 [2009]; *Erikson v J.I.B. Realty Corp.*, 12 AD3d 344 [2004]; *Sweeney v D & J Vending*, 291 AD2d 443 [2002]). Here, the defendant failed to submit evidence sufficient to establish its entitlement to judgment as a matter of law. A defendant's burden cannot be satisfied merely by pointing to gaps in the plaintiff's case, as the defendant does here (*see Stroppel v Wal-Mart Stores, Inc.*, 53 AD3d 651 [2008]; *Gregg v Key Food Supermarket*, 50 AD3d 1093 [2008]; *Picart v Brookhaven Country Day School*, 37 AD3d 798 [2007]). Since the defendant failed to meet its initial burden as the movant, there is no need to review the sufficiency of the plaintiffs' opposition papers (*see Picart v Brookhaven Country Day School*, 37 AD3d 798 [2007]; *Flynn v Fedcap Rehabilitation Servs., Inc.*, 31 AD3d 602 [2006]). Contrary to the defendant's contention, the climatological data was improperly submitted for the first time with its reply papers (*see Osborne v Zornberg*, 16 AD3d 643 [2005]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Miller and Austin, JJ., concur.