■ KAREN A. ZAMBRI, Respondent, v MADISON SQUARE GARDEN, L.P., Appellant. [901 NYS2d 377]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated October 21, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On September 26, 2002, the plaintiff attended a Rolling Stones Concert at Madison Square Garden. At approximately 9:00 P.M., after leaving her seat and walking to the restroom, she allegedly slipped and fell on beer which had spilled on the floor. In September 2005 the plaintiff commenced this action. At her deposition, she testified, inter alia, that she did not see any beer on the floor before she fell, but that after she fell, her pants were wet and smelled like beer. The defendant's event supervisor, who was on duty the evening of September 26, 2002, testified, among other things, that he inspected the floor in the area of the plaintiff's fall "throughout the night" and did not recall seeing any beer on the floor. The defendant's "Call Listing" document contained two entries for mopping that area, but both were made well after 9:00 P.M. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. We affirm.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598 [2008], quoting *Yioves v T. J. Maxx, Inc.*, 29 AD3d 572, 572 [2006]).

On the issue of constructive notice, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, since it failed to proffer any evidence as to when the subject area was last cleaned or inspected relative to the time when the plaintiff fell (*see Birnbaum v New York Racing Assn., Inc.*, 57

AD3d at 598-599). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, and there is no need to address the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]).

The defendant's remaining contentions either are without merit or have been rendered academic in light of our determination. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.