■ YADIRA PEREZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [906 NYS2d 299]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated January 22, 2009, as, upon reargument, granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Shortly after midnight, while descending an interior stairwell in a building owned by the defendant, the plaintiff allegedly was injured when she slipped on a puddle of urine. In the plaintiff's ensuing personal injury action, the defendant moved for sum-

mary judgment dismissing the complaint. The Supreme Court initially denied the defendant's motion but, upon reargument, granted it. We affirm.

A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence (*see Edwards v Great Atl. & Pac. Tea Co., Inc.*, 71 AD3d 721 [2010]; *Gregg v Key Food Supermarket*, 50 AD3d 1093 [2008]; *Perlongo v Park City 3 & 4 Apts., Inc.*, 31 AD3d 409, 410 [2006]). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Davis v Rochdale Vil., Inc.*, 63 AD3d 870, 870-871 [2009]; *Latalladi v Peter Luger Steakhouse*, 52 AD3d 475, 476 [2008]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony and an affidavit of Lynn Carter, the person assigned to clean the building. According to Carter, she had last inspected the stairwell at approximately 3:00 P.M. the previous day, approximately nine hours before the plaintiff allegedly was injured, and there was no liquid on the stairwell at that time. Additionally, the defendant submitted evidence that no one had complained about the condition of the stairwell between the time it was last inspected and the time of the plaintiff's alleged injury (*see Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034 [2010]; *Rios v New York City Hous. Auth.*, 48 AD3d 661, 662 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Prusak v New York City Hous. Auth.*, 43 AD3d 1022, 1022-1023 [2007]; *Gloria v MGM Emerald Enters.*, 298 AD2d 355, 356 [2002]). In her discovery responses, the plaintiff did not disclose the nonparty witnesses upon whose affidavits she relied to establish that the defendant had actual notice of a recurrent condition in the stairwell (*see Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]; *Perez v Mekulovic*, 13 AD3d 158, 159 [2004]; *Weisenthal v Pickman*, 153 AD2d 849, 850-851 [1989]). Given that the plaintiff did not explain this failure, we find, as a matter of discretion, that those affidavits should not have been considered (*see Andujar v Benenson Inv. Co.*, 299 AD2d 503 [2002]; *Robinson v New York City Hous. Auth.*, 183 AD2d 434, 434-435 [1992]; *cf. Pearson v City of New York*, 74 AD3d 1160, 1161-1162 [2010]). Absent consideration of the affidavits, the

plaintiff failed to raise a triable issue of fact as to notice (*see Mankowski v Two Park Co.*, 225 AD2d 673 [1996]). Consequently, upon reargument, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Prudenti, P.J., Fisher, Roman and Sgroi, JJ., concur.