■ DIANE WILLSTEIN, Respondent, v WALDBAUM, INC., et al., Appellants. [910 NYS2d 660]—

In a consolidated action to recover damages for personal injuries, the defendant Waldbaum, Inc., appeals from so much

of an order of the Supreme Court, Suffolk County (Emerson, J.), entered July 21, 2009, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Tomco Mechanical Corporation separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for the same relief.

Ordered that the order is affirmed, with one bill of costs.

On the morning of August 31, 2005, the plaintiff allegedly slipped and fell on a puddle in the frozen food aisle of a supermarket which was owned and operated by the defendant Waldbaum, Inc. At the time of the accident, the defendant Tomco Mechanical Corporation had a contract with Waldbaum, Inc., to service the air conditioning and refrigeration equipment in the store. After joinder of issue, each defendant separately moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motions, and we affirm.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598 [2008], quoting *Yioves v T.J. Maxx, Inc.*, 29 AD3d 572, 572 [2006]). On the issue of constructive notice, neither defendant established its entitlement to judgment as a matter of law. Under these circumstances it is unnecessary to consider the sufficiency of the plaintiff's opposition (*see Tchjevskaia v Chase*, 15 AD3d 389 [2005]). Accordingly, the Supreme Court properly denied both motions. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.