■ SHERWOOD MCPHAUL, Respondent, v MUTUAL OF AMERICA LIFE INSURANCE COMPANY, Appellant. [915 NYS2d 870]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated January 20, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion of the defendant, Mutual of America Life Insurance Company (hereinafter the owner), which owned the premises where the accident occurred, for summary judgment dismissing the complaint. A property owner who moves for summary judgment in a slip-and-fall case has the initial burden of demonstrating prima facie that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Totten v Cumber-*

*land Farms, Inc.*, 57 AD3d 653 [2008]; *Stroppel v Wal-Mart Stores, Inc.*, 53 AD3d 651 [2008]; *Valdez v Aramark Servs., Inc.*, 23 AD3d 639 [2005]). This burden cannot be satisifed where, as here, the owner merely pointed to alleged gaps in the plaintiff's case, rather than affirmatively demonstrating the merit of its defense (*see Pearson v Parkside Ltd. Liab. Co.*, 27 AD3d 539 [2006]; *Mondello v DiStefano*, 16 AD3d 637 [2005]).

The owner failed to submit evidence showing that it did not have actual notice of the alleged water condition on the day of the accident (*see Flynn v Fedcap Rehabilitation Servs., Inc.*, 31 AD3d 602 [2006]). The owner did not submit evidence showing that it had never received any complaints about the alleged water condition.

The owner also failed to establish as a matter of law that it did not have constructive notice of the condition, as it failed to proffer any evidence as to when the subject area was last cleaned or inspected before the plaintiff's fall, or that the condition existed for an insufficient length of time for the owner to discover and remedy it (*see Zambri v Madison Sq. Garden, L.P.*, 73 AD3d 1035 [2010]; *Rodriguez v Hudson View Assoc., LLC*, 63 AD3d 1135 [2009]; *Cox v Huntington Quadrangle No. 1 Co.*, 35 AD3d 523 [2006]; *Gerbi v Tri-Mac Enters. of Stony Brook, Inc.*, 34 AD3d 732 [2006]; *Ames v Waldbaum, Inc.*, 34 AD3d 607 [2006]; *Flynn v Fedcap Rehabilitation Servs., Inc.*, 31 AD3d 602 [2006]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.