■ THOMAS CUMMINS, Appellant, v NEW YORK METHODIST HOSPITAL, Respondent, et al., Defendants. [926 NYS2d 313]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated August 6, 2010, which granted the motion of the defendant New York Methodist Hospital for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendant New York Methodist Hospital is denied.

"To demonstrate its entitlement to summary judgment in a slip-and-fall case, a defendant must establish, prima facie, that it did not create the condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to remedy it" (*Molloy v Waldbaum, Inc.*, 72 AD3d 659, 659-660 [2010]; *see Gregg v Key Food Supermarket*, 50 AD3d 1093 [2008]; *Musso v Macray Movers, Inc.*, 33 AD3d 594, 595 [2006]). This burden cannot be satisfied merely by pointing to alleged gaps in the plaintiff's case (*see Edwards v Great Atl. & Pac. Tea Co., Inc.*, 71 AD3d 721 [2010]; *Gregg v Key Food Supermarket*, 50 AD3d at 1094; *Stroppel v Wal-Mart Stores, Inc.*, 53 AD3d 651, 653 [2008]).

Here, the defendant New York Methodist Hospital (hereinafter the hospital) failed to establish, prima facie, that it did not have constructive notice of the alleged dangerous condition, as it failed to proffer any evidence as to when the subject area was last cleaned or inspected before the plaintiff's fall, or that the condition existed for an insufficient length of time for the hospital to discover and remedy it (*see McPhaul v Mutual of Am. Life Ins. Co.*, 81 AD3d 609, 610 [2011]; *Zambri v Madison Sq. Garden, L.P.*, 73 AD3d 1035 [2010]; *Rodriguez v Hudson View Assoc., LLC*, 63 AD3d 1135, 1136 [2009]). Accordingly, the Supreme Court should have denied the hospital's motion for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Babb v Marshalls of MA, Inc.*, 78 AD3d 976, 977 [2010]). Dillon, J.P., Covello, Chambers and Roman, JJ., concur.