In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Forman, J.), dated October 4, 2012, as denied that branch of their motion which was for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
*1016 On July 9, 2007, the plaintiff slipped and fell on liquid on the floor of a supermarket operated by the defendant Hannaford Bros. Co. The area covered by liquid measured approximately four feet by one foot, and was located in the vicinity of the “re-shop cart” into which were placed items to be re-shelved. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendants moved, inter alia, for summary judgment dismissing the complaint, and the Supreme Court denied their motion.
“A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it” (Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d 880, 880 [2012]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Halpern v Costco Warehouse/Costco Wholesale, 95 AD3d 828, 828 [2012]; Kokin v Key Food Supermarket, Inc., 90 AD3d 850 [2011]; Arzola v Boston Props. Ltd. Partnership, 63 AD3d 655 [2009]). Here, the defendants failed to meet that burden since they did not demonstrate the absence of a triable issue of fact as to whether they had constructive notice of the allegedly hazardous condition (see Stroppel v Wal-Mart Stores, Inc., 53 AD3d 651 [2008]; see also Gregg v Key Food Supermarket, 50 AD3d 1093, 1094 [2008]).
Accordingly, the Supreme Court properly denied that branch of the defendants’ motion which was for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852 [1985]).
Dillon, J.E, Balkin, Austin and Cohen, JJ., concur.