In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Solomon, J.), dated January 23, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint, and (2) an order of the same court dated April 19, 2012, which denied the plaintiffs’ motion, in effect, for leave to reargue their opposition to the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the appeal from the order dated April 19, 2012, is dismissed, as no appeal lies from an order denying reargument; and it is further
Ordered that the order dated January 23, 2012, is affirmed; and it is further,
Ordered that one bill of costs is awarded to the defendant.
Juan Arocho, the plaintiffs’ decedent, allegedly was injured on the defendant’s premises when he stepped onto an elevator, and a screw that was near discarded furniture on the floor of the elevator became embedded in his foot. He commenced this action, alleging that the defendant was negligent in maintaining its premises, and that its negligence caused his injuries. After Arocho died, the administrators of his estate were substituted as plaintiffs. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiffs thereafter moved to “reargue and reconsider,” and the Supreme Court denied that motion.
The Supreme Court properly granted the defendant’s motion *752 for summary judgment dismissing the complaint. In support of its motion, the defendant established, prima facie, that it neither created nor had actual or constructive notice of the dangerous condition in the elevator (see Caruso v Barnard Coll., 108 AD3d 685, 686 [2013]; Perez v New York City Hous. Auth., 75 AD3d 629, 630 [2010]). The evidence submitted by the plaintiffs in opposition failed to raise a triable issue of fact. Specifically, the plaintiffs failed to demonstrate that the defendant had actual notice of a recurrent condition involving discarded debris in the elevator such that it could be chargeable with constructive notice of each specific occurrence of that condition (see Danapas v Temco Serv. Indus., Inc., 60 AD3d 614, 614-615 [2009]). Balkin, J.P., Leventhal, Austin and Roman, JJ., concur.