In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), dated September 18, 2013, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
“A defendant moving for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition, nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it” (Petersel v Good Samaritan Hosp. of Suffern, N.Y., 99 AD3d 880, 880 [2012]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Halpern v Costco Warehouse/Costco Wholesale, 95 AD3d 828, 828 [2012]). The movant’s burden cannot be satisfied merely by pointing to gaps in the plaintiffs case (see Edwards v Great Atl. & Pac. Tea Co., Inc., 71 AD3d 721 [2010]; Gregg v Key Food Supermarket, 50 AD3d 1093 [2008]; DeFalco v BJ’s Wholesale Club, Inc., 38 AD3d 824 [2007]).
Here, the defendants demonstrated that, although they had actual notice of the allegedly hazardous condition, they did not have enough time to remedy the condition (see Alami v 215 E. 68th St., L.P., 88 AD3d 924, 925 [2011]; Sloane v Costco Wholesale Corp., 49 AD3d 522, 523 [2008]). In opposition to the defendants’ prima facie showing of their entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable is *706 sue of fact. The plaintiffs’ submission of statements allegedly-made by an employee of the defendants to the injured plaintiff at the time of the accident concerning the length of time the allegedly hazardous condition existed constituted hearsay (see Tyrrell v Wal-Mart Stores, 97 NY2d 650, 652 [2001]; Nucci v Proper, 95 NY2d 597, 603 [2001]; Letendre v Hartford Acc. & Indem. Co., 21 NY2d 518, 524 [1968]). While hearsay statements may be used to oppose motions for summary judgment, they cannot, as here, be the only evidence submitted to raise a triable issue of fact (see Phillips v Kantor & Co., 31 NY2d 307, 313-314 [1972]; Castle v Bawuah, 101 AD3d 922, 924 [2012]; Sermos v Gruppuso, 95 AD3d 985 [2012]).
The plaintiffs’ remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
Eng, EJ., Miller, Hinds-Radix and Maltese, JJ., concur.