■ CATHY WILLIAMS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [990 NYS2d 549]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 29, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On November 27, 2009, shortly after midnight, the plaintiff allegedly slipped and fell on dirty paper and urine on an interior stairway in an apartment building owned by the defendant. The plaintiff commenced this action alleging, inter alia, that the defendant failed to maintain the subject stairway in a reasonably safe condition. The defendant moved for summary judgment dismissing the complaint, arguing that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. The Supreme Court granted the defendant's motion.

A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive knowledge of its existence (see Perez v New York City Hous. Auth., 75 AD3d 629, 630 [2010]; Edwards v Great Atl. & Pac. Tea Co., Inc., 71 AD3d 721 [2010]). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a length of time sufficient to afford the defendant a reasonable opportunity to discover and remedy it (see Perez v New York City Hous. Auth., 75 AD3d at 630). To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see Armijos v Vrettos Realty Corp., 106 AD3d 847 [2013]; Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs., 86 AD3d 551 [2011]; Torres v New York City Hous. Auth., 85 AD3d 469 [2011]; Love v New York City Hous. Auth., 82 AD3d 588 [2011]).

Here, the defendant failed to establish, prima facie, that it lacked constructive notice of the alleged hazardous condition. Although the defendant submitted an affidavit from the supervisor of the caretaker assigned to clean the subject building on the day immediately preceding the plaintiff's nighttime accident, that affidavit was insufficient to establish when the stairway was last inspected and cleaned relative to the plaintiff's fall. The affidavit was conclusory and only referred, in a general manner, to the janitorial schedule followed on normal weekdays. Moreover, another caretaker testified at his deposition, and the defendant concedes, that the normal weekday janitorial schedule was not in effect on the day preceding the plaintiff's accident, which was the Thanksgiving holiday. Since the defendant did not provide evidence regarding any specific cleaning or inspection of the area in question on that day, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Williams v New York City Hous. Auth.*, 99 AD3d 613 [2012]; *Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551 [2011]; *Farrell v Waldbaum's, Inc.*, 73 AD3d 846 [2010]). The defendant's failure to meet its prima facie burden requires denial of its motion, regardless of the sufficiency of the plaintiff's papers in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.