| |
|---|
| **Flores v New York City Tr. Auth.** |
| 2024 NY Slip Op 31988(U) |
| June 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 405815/2019 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. RICHARD TSAI         PART                21

*Justice*

-------------------------------------------------------------------------------X

SHARISA FLORES

Plaintiff,

- v -

THE NEW YORK CITY TRANSIT AUTHORITY,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 405815/2019 |
| MOTION DATE | 09/13/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26-43 and 60-68 were read on this motion to/for           JUDGMENT - SUMMARY         .

In this action, plaintiff Sharisa Flores alleges that she slipped and fell while walking on a subway platform due to wetness on the platform floor. Defendant New York City Transit Authority now moves for summary judgment dismissing the action, on the grounds that it did not affirmatively create the condition and that it lacked sufficient notice of the condition.[1] Plaintiff opposes this motion.

## BACKGROUND

Plaintiff Sharisa Flores alleges that, on January 9, 2018, at approximately 9:30 AM, she slipped and fell while walking on the uptown F train platform at the Delancey Street subway station (see Defendant's Exhibit A [NYSCEF Doc. No 31] verified complaint ¶ 3). Defendant New York City Transit Authority admitted that it "operated and maintained" the subject subway station (Defendant's Exhibit C [NYSCEF Doc. No. 33] verified answer ¶ 3).

At plaintiff's statutory hearing, plaintiff stated that the accident occurred on January 9, 2018, at 9:30 AM (Defendant's Exhibit G [NYSCEF Doc. No. 37] [statutory hearing tr] at 7, lines 17-20). Plaintiff claimed that "when I get to the middle of the platform, I fell" due to the "wetness on the floor" (*id.* at 17, lines 17-22). Plaintiff stated that she noticed "[t]he floor was wet, uh, the minute I walked into the train station" (*id.* at 17, lines 23-25). Plaintiff, when asked if she knew where the wetness was coming from, said "[i]'m going to assume the foot traffic and the snow" (*id.* at 18, lines 1-4). Plaintiff claimed that there was no snow in the subject area, and she was referring to the snow "from out on the street" (*id.* at 18, lines 5-9). Plaintiff claimed that the day of the accident was "two days after the big snowstorm" and that streets were "still full of, uh, snow, wet" (*id.* at 10, lines 16-19). Plaintiff confirmed that the wetness on the floor was the

---

[1] Although defendant's motion seeks an order "pursuant to CPLR 3211 and 3212 granting defendant summary judgment on the grounds that the defendant has no liability herein" (Notice of motion [NYSCEF Doc. No. 26] at 1), defendant does not raise any grounds for dismissal pursuant to CPLR 3211.

**405815/2019  FLORES, SHARISA vs. NEW YORK CITY TRANSIT**           **Page 1 of 5**
**Motion No.  002**

only cause of her accident (*id.* at 19, lines 1-3). Plaintiff confirmed that she did not know how long the floor was wet (*id.* at 19, lines 4-5). Plaintiff stated that she reported the accident to the station manager and police at the Essex Street entrance on January 11, 2018, (*id.* at 20, lines 1-8). Plaintiff claimed that she told police that she did not report the accident on the day of the occurrence because she was in shock and on her way to work (*id.* at 20, lines 22-25; at 21, lines 1-2).

At plaintiff's deposition, plaintiff stated that her accident occurred on January 9, 2018, "between 8:00 and 9:00 o'clock or between – actually, I don't remember. It was in the morning" (Defendant's Exhibit H [NYSCEF Doc. No. 38] [Flores EBT], at 13, lines 19-23). When asked about the weather that day, plaintiff responded, "it was supposed to snowstorm, so it was kind of cloudy" (*id.* at 17, lines 8-10). Plaintiff said, "I don't remember if it was still snowing at that time, but it was a major snowstorm" (*id.* at 17, lines 11-15). Plaintiff claimed that she noticed the floor was slippery and wet before she fell (*id.* at 20, lines 23-25). According to plaintiff, "I can only assume that the water was coming from people tracking it in, but I don't know" (*id.* at 21, lines 1-9). Plaintiff testified that she reported the accident to defendant two days after the accident (*id.* at 31, lines 10-14). Plaintiff claimed that she spoke to station supervisor but could not remember their name (*id.* at 31, lines 21-25). According to plaintiff, the station supervisor called the police, and she told the responding officers how the accident occurred (*id.* at 33, lines 3-21).

Defendant's employee, Earlene Miller, testified at her deposition on June 2, 2022 that she has worked for the defendant for 21 years, and that, at time of her deposition, she was employed as a cleaner (Defendant's Exhibit J [NYSCEF Doc. No. 40] Miller EBT at 10, lines 18-25; at 11, lines 1-4).

Miller testified that the first time she worked at the subject subway station was two days after the alleged incident (Miller EBT at 13, lines 24-25; at 14, lines 2-3). According to Miller cleaners do not spend more time mopping on bad weather days than on fair weather days but that if cleaners see something that might hurt someone then they will put up a "wet floor sign" (*id.* at 25, lines 17-25; at 26, lines 1-22). Miller further testified that when she mops a wet spot or puddle, she does not have to report that to a superior (*id.* at 27, lines 18-23).

Defendant's employee, Brenda Robinson, testified at her deposition on May 2, 2022 that she has worked for the defendant since 2016, and that, at time of her deposition, she was employed as a cleaner (Defendant's Exhibit K [NYSCEF Doc. No. 41] [Robinson EBT], at 8, lines 9-25).

Robinson testified that she could not remember whether she worked at the subject subway station in January of 2018 (Robinson EBT at 11, lines 6-17). According to Robinson, defendant does keep a record, known as "Station logs," of what cleaner worked at a particular station on any given day (*id.* at 20, lines 6-12).

Robinson further testified as follows: if she encountered moisture on the platform she would go and get a mop to mop it up (*id.* at 25, lines 16-23). During January of 2018 or before, she had encountered cases where the moisture on the floor has resulted in large puddles caused

**405815/2019   FLORES, SHARISA vs. NEW YORK CITY TRANSIT**                          **Page 2 of 5**
**Motion No.  002**

2 of 5

[* 2]

by rain or snow outside (*id.* at 33, line 25; at 34, lines 2-25). "On those particular cases, our supervisor would normally call us and tell us to pay more attention to just the floors rather than stay on schedule" (*id.* at 35, lines 11-23). On days where people continue to come in dripping of moisture, "[w]e are assigned to put down slippery when wet signs and just try to continue our shift to get up as much as possible" and the "the main priority [of cleaners] would be the floors. You will be instructed by supervisors" (*id.* at 37, lines 5-13, 38, lines 11-20). If there is a lot of moisture being tracked on to the platform then cleaners are "instructed to stay on the platform" (*id.* at 39, lines 16-25; at 40, lines 2-5). She had encountered times when there was so much moisture on one platform that it was difficult for just one cleaner to maintain the platform, and on those occasions she would "notify my supervisor" and they would "normally send another cleaner to help" (*id.* at 41, line 25; at 42 lines 1-12). When this happens, a cleaner would have to write on the station log that they had been pulled away to help in another station (*id.* at 48, lines 19-25, at 49, lines 1-12).

## DISCUSSION

"On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. If the moving party produces the required evidence, the burden shifts to the nonmoving party to establish the existence of material issues of fact which require a trial of the action"

(*Xiang Fu He v Troon Mgt., Inc.*, 34 NY3d 167, 175 [2019] [internal citations and quotation marks omitted]). On a motion for summary judgement, "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012] [internal quotation marks omitted]).

To be entitled to summary judgment in a slip and fall case, defendant has the burden of making "a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (*Rodriguez v Kwik Realty*, LLC, 216 AD3d 477, 478 [1st Dept 2023] [internal quotation marks omitted]).

"Actual notice may be found where a defendant either created the condition or was aware of its existence prior to the accident. In order to constitute constructive notice, a defect must be visible and apparent for a sufficient length of time to permit the defendant's employees to discover and remedy it"

(*Atashi v Fred-Doug 117 LLC*, 87 AD3d 455, 456 [1st Dept 2011] [internal citation omitted]).

Defendant argues that plaintiff cannot demonstrate that defendant "had actual or constructive notice of the hazardous condition which precipitated the injury, nor can the plaintiff demonstrate that there was reasonable opportunity for the defendant to remedy the defective condition" (NYSCEF Doc. No. 29 [affirmation in support] ¶ 23).

405815/2019   FLORES, SHARISA vs. NEW YORK CITY TRANSIT
Motion No.  002

Page 3 of 5

3 of 5

To the extent that defendant is arguing that plaintiff had the burden of introducing evidence of actual or constructive notice on this motion, that is not the law. Rather, because this is defendant's motion for summary judgment, defendant, as the movant, has the "prima facie burden of showing lack of notice" (*Davis v Brookfield Properties Mgt., LLC*, 220 AD3d 527 [1st Dept 2023]). "Merely pointing to gaps in an opponent's evidence is insufficient to satisfy the movant's burden" (*Hairston v Liberty Behavioral Mgt. Corp.*, 157 AD3d 404, 405 [1st Dept 2018]).

Here, defendant did not submit any evidence of lack of actual notice. Because Robinson was unable to recall whether she was the on-duty cleaner at the time of the alleged accident, and because Miller only began working at the subject station after the date of the alleged accident, defendant did not demonstrate that Robinson or Miller had personal knowledge sufficient to meet defendant's prima facie burden on this motion for summary judgment (*see Zeldin v Larose*, 223 AD3d 858, 858 [2d Dept 2024] ["A conclusory affidavit or an affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden' on a motion for summary judgment"]). Defendant appears to accept that Robinson's and Miller's testimony is "essentially irrelevant as it offers absolutely no pertinent information as to the plaintiff's alleged accident" (affirmation in support ¶ 11-13).

"A defendant demonstrates lack of constructive notice by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned before the plaintiff fell" (*Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011]). Here, defendant did not make prima facie showing establishing when the subject area was last cleaned or inspected prior to the accident. Neither has defendant submitted an affidavit or deposition testimony from any relevant employee i.e., testimony from the cleaner, station manager and/or station supervisor on duty who was working and/or had a memory of working at the time of the accident. "Since the defendant did not provide evidence regarding any specific cleaning or inspection of the area in question on that day, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law" (*Williams v New York City Hous. Auth.*, 119 AD3d 857, 858 [2d Dept 2014]).

Defendant's counsel apparently asserts that inspections of the subject area by the defendant only occur when an incident is reported, and because plaintiff reported accident two days after it occurred, no inspection took place on the day of the accident (affirmation in support ¶ 9). While defendant's counsel explains why no inspection reports exist from the date of the incident, the explanation does not excuse defendant from its prima facie burden of establishing lack of constructive notice.

Because defendant failed to meet its prima facie burden of demonstrating lack of notice, this court need not consider whether defendant met its prima facie burden that defendant did not affirmatively create the hazardous condition.

Finally, the court notes that although defendant argues that plaintiff's accident was "caused [by] wetness from foot traffic from outside the station that resulted from large amounts of snow from a snowstorm which occurred the day prior to the accident", defendant did not raise the storm in progress doctrine as a ground for dismissing this action (affirmation in support ¶ 10;

405815/2019   FLORES, SHARISA vs. NEW YORK CITY TRANSIT                    Page 4 of 5
Motion No.  002

4 of 5

[* 4]

*see also Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Valentine v City of New York*, 86 AD2d 381, 383 [1st Dept 1982], *affd* 57 NY2d 932 [1982]).

**CONCLUSION**

It is hereby **ORDERED** that defendant's motion (Seq. No. 002) for summary judgment is **DENIED.**

This constitutes the decision and order of the court.

20240610125228RTSAI960606854323496B9108FC3804869C53

| 6/10/2024 | | RICHARD TSAI, J.S.C. |
|-----------|--|----------------------|
| DATE | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**405815/2019   FLORES, SHARISA vs. NEW YORK CITY TRANSIT**
**Motion No.  002**

Page 5 of 5

5 of 5

[* 5]