Bank of Am., N.A. v Ball (2025 NY Slip Op 04537)

Bank of Am., N.A. v Ball

2025 NY Slip Op 04537

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-12024
 (Index No. 605041/17)

[*1]Bank of America, N.A., respondent,
v
Ann Ball, appellant.

Ann Ball, St. James, NY, appellant pro se.
Rubin & Rothman, LLC, Islandia, NY (Eric S. Pillischer of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract and on an account stated, the defendant appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated November 15, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for breach of contract and on an account stated, alleging that the defendant accrued certain debt on a credit card account and failed to make required payments. The defendant moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. In an order dated November 15, 2023, the Supreme Court denied the motion. The defendant appeals.
"'An account stated is an agreement, express or implied, between the parties to an account based upon prior transactions between them with respect to the correctness of account items and a specific balance due on them'" (TM 18 Realty, LLC v Copper Wang, Inc., 222 AD3d 904, 905, quoting Citibank [S.D.], N.A. v Cutler, 112 AD3d 573, 573-574; see Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 851). "'An agreement may be implied where a defendant retains bills without objecting to them within a reasonable period of time, or makes partial payment on the account'" (Citibank [S.D.], N.A. v Brown-Serulovic, 97 AD3d 522, 523, quoting American Express Centurion Bank v Cutler, 81 AD3d 761, 762).
Here, the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground, inter alia, that she did not receive any statements or amendments to the alleged credit card agreement from the plaintiff. A defendant cannot satisfy his or her burden on a motion for summary judgment "merely by pointing out gaps in the plaintiff's case" (Defalco v BJ's Wholesale Club, Inc., 38 AD3d 824, 825; see Feggins v Marks, 229 AD3d 691, 692). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached [*2]in light of our determination.
MILLER, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court