■ NORTHBROOK PROPERTY & CASUALTY INSURANCE COMPANY et al., Appellants, v D.J.L. WAREHOUSE CORP., Respondent, et al., Defendant.—In an action by an insurer, as subrogee, to recover amounts paid to its insured for a loss of goods, the plaintiffs appeal from an order of the Supreme Court, Queens County (Katz, J.), dated October 27, 1988, which granted the motion of the defendant D.J.L. Warehouse Corp. for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

We find that the court properly granted summary judgment to the defendant D.J.L. Warehouse Corp. It is well established that, absent an agreement to the contrary, the owner of a warehouse is not an insurer of goods. As a bailee, an owner of a warehouse is required to exercise reasonable care so as to prevent loss or damage to stored goods (see, UCC 7-204 [1]; *I.C.C. Metals v Municipal Warehouse Co.,* 50 NY2d 657). Additionally, where an owner of a warehouse has come forward and explained that the loss of goods was due to theft, it then becomes incumbent upon a plaintiff to prove that the loss was occasioned by the owner's negligence (see, *I.C.C. Metals v Municipal Warehouse Co., supra,* at 666; *Procter & Gamble Distrib. Co. v Lawrence Am. Field Warehousing Corp.,* 16 NY2d 344, 359; *Claflin v Meyer,* 75 NY 260).

We find that the plaintiffs have not raised any material issue of fact with respect to their claim that the defendant D.J.L. Warehouse Corp. was negligent. It is clear that the warehouse was forcibly broken into in the middle of the night, its alarm system functioned properly, and the police and other security personnel responded quickly to the scene. It does not appear that there was anything further which the defendant D.J.L. Warehouse Corp. could have done to prevent the theft and resultant loss of goods. Mangano, P. J., Bracken, Kunzeman and Harwood, JJ., concur.