■ Tel Oil Company, Inc., et al., Respondents, v City of Schenectady et al., Appellants. (Action No. 1.) Jean A. Frank, as Administrator of the Estate of Thomas B. Frank, Also Known as Thomas S. Frank, Deceased, and on Behalf of Katherine Frank et al., Respondent, v City of Schenectady et al., Defendants and Third-Party Plaintiffs-Appellants, Schenectady Municipal Housing Authority, Appellant, et al., Defendant. Bennett Contracting, Inc., et al., Third-Party Defendants-Appellants. (Action No. 2.) Christine Tiscione, Respondent, v City of Schenectady et al., Defendants and Third-Party Plaintiffs-Appellants, and Schenectady Municipal Housing Authority, Appellant. Bennett Contracting, Inc., et al., Third-Party Defendants-Appellants. (Action No. 3.) Transportation Insurance Company et al., Plaintiff, v City of Schenectady et al., Appellants, et al., Defendant. (Action No. 4.) Allstate Insurance Company, Plaintiff, v City of Schenectady et al., Appellants, et al., Defendant. (Action No. 5.) [718 NYS2d 410] —Peters, J. Appeal from an order of the Supreme Court (Kramer, J.), entered March 7, 2000 in Schenectady County, which denied certain defendants' motions for summary judgment dismissing the complaints, third-party complaints and/or cross claims against them.

Tel Oil Company, Inc.[1] operates a gas station at 585 Broadway in the City of Schenectady, Schenectady County, on property owned by LIAG Realty Corporation.[2] Directly north of the gas station property is a steep wooded hillside. Along the eastern portion thereof, there exists an old abandoned cobblestone roadway, known as Old Veeder Road, that runs from the bottom of the hill from Broadway to the top, south to northeast, diagonally across its face and over the northern portion of the Tel Oil property. Such road terminates at a public housing project known as Lincoln Heights and thereafter becomes Veeder Avenue. The hillside to the east running behind the gas station up until the portion entering Lincoln Heights is owned by the City of Schenectady whereas Veeder Avenue is owned by the Schenectady Municipal Housing Authority (hereinafter MHA).

In 1990, Peter Jacobs, president of Tel Oil, was notified that his fuel storage tanks had to meet the current standards of the State Department of Environmental Conservation. As Jacobs began to investigate alternatives to tank removal, replacement or repair, he became concerned about a steel crib retaining wall situated behind his property that extended across the hillside below Old Veeder Road. Engineering consultants that he retained determined that such crib wall constituted a hazard. When Jacobs ultimately had to remove tanks from the north side of his property in 1993, he requested a meeting with the City's engineer, Thomas O'Brien, to address his concern about the hillside and the structural integrity of the crib wall. The City, without retaining any outside engineering firm or other consultants, determined that although the wall was rusted, it was structurally sound.

In the spring of 1994, MHA entered into a contract with Bennett Contracting, Inc. for work to be performed at Lincoln Heights. Since it originally sought the construction of a water line by accessing an existing water main under Broadway through Old Veeder Road, Bennett subcontracted the site work to R.A. Lynch Trucking (hereinafter Lynch). It requested, at a preconstruction meeting, permission to use Old Veeder Road to access Lincoln Heights. Richard Bailor, MHA's inspector, advised Lynch that permission must come from the City's engineer. Lynch thereafter used a bulldozer to clear away vegetation and other debris from the surface of Old Veeder Road until, upon Bailor's inquiry, it was learned that Lynch had not obtained permission from the correct City official.

---

**1.** Tel Oil is a plaintiff in action No. 1 and a defendant in action Nos. 2, 4 and 5.

**2.** LIAG is a plaintiff in action No. 1 and a defendant in action No. 5.

Heavy rains fell for several days in June and July 1994. On July 9, 1994, mud and debris slid down the hillside over the wall and onto the south end of the Tel Oil property. Two days later, Jacobs wrote to MHA and the City's Mayor advising them of his belief that the actions by both Bennett and Lynch jeopardized his property. Seeking "to safeguard over 500 feet of land hanging over the head of my business," Jacobs urged an immediate inspection of the property. On July 14, 1994, Lynch met with O'Brien, Bailor and others wherein he was formally requested to cease using Old Veeder Road as access. Although Lynch subsequently cleaned the mud and debris from the property, the City's attorney, Michael Cuevas, notified both Bennett and MHA of the City's concerns about the problems emanating from the construction project. By memo dated July 15, 1994 from the City to MHA, the Mayor sought an inspection of the area "[b]ecause of the possible hazard that could create a tragic accident." O'Brien thereafter requested Lynch to rectify the effects of erosion caused by his removal of vegetation by placing hay bales, filter fabric and seed on the top of the hillside north of the gas station. Upon its completion and Bailor's inspection, O'Brien was satisfied.

In April 1995, Jacobs observed silt and drainage coming up from a manhole, depositing on the south side of the gas station property near the crib wall. Jacobs again wrote the Mayor and thereafter made several phone calls to the City's engineering department. These actions prompted a meeting in May 1995 by the City and MHA representatives, including the Mayor, Bailor and Cuevas, at the gas station property. Despite Jacobs' contention that the entire crib wall should be replaced, no further action was taken. On January 19, 1996, a landslide of mud and debris came down the hillside, swept through the gas pump island and across Broadway. As a result thereof, Thomas B. Frank (hereinafter decedent) was killed and Christine Tiscione was trapped in her vehicle.

Tel Oil and LIAG commenced an action against the City, MHA, Bennett, Lynch and the Schenectady Urban Renewal Agency (hereinafter SURA) (action No. 1). Jean A. Frank (hereinafter Frank), as administrator of decedent's estate, commenced an action against the City, MHA, SURA and Tel Oil (action No. 2) whereas Tiscione commenced an action against only the City, SURA and MHA (action No. 3). The City and SURA brought a third-party action against Bennett and Lynch in both action Nos. 2 and 3. Transportation Insurance Company brought an action on behalf of one of its insured for property damage against the City, SURA, MHA and Tel Oil (action No.

4) whereas Allstate Insurance Company, as subrogee of Tiscione, commenced an action against the City, Bennett, Lynch, Tel Oil and LIAG seeking reimbursement of claims paid to Tiscione (action No. 5).

After joinder, the City and SURA moved for summary judgment contending, *inter alia*, that the mudslide was an act of God precipitated by unseasonably high temperatures causing rapid snow melt. Lynch moved, and Bennett cross-moved, for summary judgment asserting, *inter alia*, that their actions were not the proximate cause of the mudslide. Tel Oil and LIAG moved for summary judgment by contending that they did not have any interest or control in the land whereas MHA contended, *inter alia*, that it did not have notice that the hillside was in danger of collapsing. All motions were opposed.

Supreme Court joined the actions and determined that factual issues existed as to whether the City had notice of this condition. Finding that no factual issues existed as to Tel Oil or LIAG, it dismissed the claims against them yet found viable issues remaining as to Bennett, Lynch and MHA. This appeal ensued.

Upon our review of this record in this procedural posture, we find that Supreme Court properly denied the motion by the City and SURA for summary judgment premised on their assertion that the mudslide was an act of God. An act of God denotes "those losses and injuries occasioned exclusively by natural causes, such as could not be prevented by human care, skill and foresight * * * If there be any cooperation of man, or any admixture of human means, the injury is not, in a legal sense, the act of God" (*Michaels v New York Cent. R. R. Co.*, 30 NY 564, 571; *see, Prashant Enters. v State of New York*, 206 AD2d 729, 730). The City and SURA, required to demonstrate that they were free from negligence to succeed on this theory (*see, Prashant Enters. v State of New York, supra*, at 730), alleged a lack of notice because Jacobs never complained about the precise area of his property where the mudslide occurred.

Despite the opinion proffered by the City's expert engineer that the rainfall combined with snow melt created an unprecedented precipitation accumulation in the immediate vicinity of the Broadway slide which caused a rapid failure that could not have been anticipated or foreseen, the expert engineer retained by all plaintiffs, including Frank and Tel Oil, opined that a "qualified engineer visiting the site should have recognized the potential instability of the slope during a simple visual inspection of the hillside." Aware of Jacobs' written communications to the City concerning the stability of the property and the in-

tegrity of the crib wall with subsequent seepage which prompted visits by the City and others, he opined that a formal investigation should have been initiated to define the risk. Finding that factual issues remain (*see, Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404), we decline to disturb the determinations rendered as to these defendants.

However, with respect to the denial of the motion and cross motion by Lynch and Bennett for summary judgment, we find the denial improper. It is well settled that liability will not attach unless a defendant's act or omission is the proximate cause of a plaintiff's injury (*see, Plante v Hinton*, 271 AD2d 781). Although Frank, Tiscione and Tel Oil all claim that Lynch and Bennett had notice that Lynch's removal of vegetation in 1994 caused mud and debris to be deposited upon the gas station, the City's expert engineer opined, *inter alia*, in concluding that the mudslide was caused by the combined rain and melting of snow due to abnormally high temperatures, that the work performed by Bennett and Lynch 18 months earlier did not cause or contribute to the mudslide. Significantly, plaintiffs' expert engineer limited his opinion and conclusion exclusively to acts or omissions of the City; nowhere does he indicate that either Lynch or Bennett's actions during the course of their site preparation work undermined the stability of the slope in general or to the landslide specifically. As this opinion was confirmed by the City's expert affidavit, buttressed by the testimony of O'Brien, we find that summary judgment should have been awarded.

We similarly find error in the failure to grant MHA's motion for summary judgment. Required to establish that it did not have actual or constructive notice of the dangerous condition of the hillside (*see, Lavergne v District Three IUE Troy Hills Hous. Corp.*, 275 AD2d 545, 546), we find that despite record evidence showing that MHA received Jacobs' correspondence and sent its representatives to meet with numerous other officials at the site, no record evidence indicates that concern was expressed about any of its property or that damage was caused by acts done by or on behalf of MHA.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions by Schenectady Municipal Housing Authority, R.A. Lynch Trucking and Bennett Contracting, Inc. for summary judgment; said motions granted and the complaints in action Nos. 1, 2, 3 and 4 are dismissed against Schenectady Municipal Housing Authority and the complaints in action Nos. 1, 2, 3 and 5 are dismissed

against R.A. Lynch Trucking and Bennett Contracting, Inc.; and, as so modified, affirmed.