■ JOSEPHINE CANGIALOSI et al., Respondents, v HALLEN CONSTRUCTION CORP. et al., Appellants, and CITY OF NEW YORK, Respondent. [723 NYS2d 387] —In an action to recover damages for injury to property, the defendants Hallen Construction Corp. and Brooklyn Union Gas appeal from an order of the Supreme Court, Kings County (Garson, J.), dated June 13, 2000, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On July 31, 1996, the defendant Brooklyn Union Gas and its contractor, the defendant Hallen Construction Corp. (hereinafter the appellants), placed approximately 70 cubic yards of sand in a cordoned-off area at the intersection of Dahill Road, 23rd Avenue, and Avenue M in Brooklyn. The sand was to be used to backfill holes dug in the street as a part of work on the gas lines in the area. However, between 11:00 A.M. and 12:00 P.M. on that day, nearly three inches of rain fell and flooded the area.

The plaintiffs, residents and businesses in the area, commenced this action to recover for the damage caused by the flooding, contending that the appellants were negligent in storing the sand and allowing it to wash into and clog the storm drains. The appellants moved for summary judgment dismissing the complaint and the cross claims insofar as asserted

against them, contending that the storm was an act of God and that they could not have prevented the flooding. The Supreme Court denied the motion. We affirm.

Since the plaintiffs had the opportunity to contest the appellants' act of God defense in opposition to the motion and were not prejudiced by this unpleaded defense, the Supreme Court properly considered the motion on the merits (*see, Rogoff v San Juan Racing Assn.*, 54 NY2d 883; *Ingordo v Square Plus Operating Corp.*, 276 AD2d 528).

For a loss to be considered the result of an act of God, human activities cannot have contributed to the loss in any degree (*see, Michaels v New York Cent. R. R. Co.*, 30 NY 564; *Tel Oil Co. v City of Schenectady*, 278 AD2d 571; *Woodruff v Oleite Corp.*, 199 App Div 772; *Resnick Co. v Nippon Yusen Kaisha*, 39 Misc 2d 513). In opposition to the appellants' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs raised triable issues of fact as to whether, *inter alia*, the damage was caused by the appellants' alleged negligence (*see, Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328; *Trimarco v Klein*, 56 NY2d 98; *Miner v Long Is. Light. Co.*, 40 NY2d 372). Therefore, the motion was properly denied.

In reaching our decision, we do not rely on the conclusory affidavit of the plaintiffs' expert, which did not set forth the facts on which the expert based his conclusion (*see, Guarino v La Shellda Maintenance Corp.*, 252 AD2d 514; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358; *Quinn v Artcraft Constr.*, 203 AD2d 444). S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.