■ EDWARD A. MYERS, Appellant, v CITY OF PORT JERVIS, Respondent. [733 NYS2d 207] —In an action to recover for property damage, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered May 15, 2001, which, after a nonjury trial, is in favor of the defendant and against him dismissing the complaint.

The plaintiff's notice of appeal from a decision of the same court, dated August 2, 2000, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action to recover for water damage to his basement office in Port Jervis on October 8, 1996, which was allegedly caused by the defendant's failure to properly maintain a storm drain in the adjacent street. Following a nonjury trial, the Supreme Court dismissed the complaint on the ground that the plaintiff failed to comply with the defendant's prior written notice statute (*see,* City of Port Jervis Code § C11-2).

We agree with the Supreme Court that the prior written notice statute applies to the allegedly defective storm drain (*see, Barnes v City of Mount Vernon,* 245 AD2d 407). Prior written notice laws refer to physical defects in the street which do not immediately come to the attention of city officials unless they are given actual notice (*see, Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917, 918; *Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 365-366). The plaintiff contends that he provided prior written notice to the defendant based on his May 24, 1996, letter to Vincent Lopez, the defendant's Director of Public Works, regarding water damage to his property earlier that month which he alleged was caused by the blocked storm drain. However, the letter cannot be considered written notice of the condition which allegedly caused the flooding on October 8, 1996, as the plaintiff informed the defendant's insurance carrier by letter dated July 20, 1996, that the storm drain blockage had been cleared.

The plaintiff failed to establish that either of the exceptions to the prior written notice rule applied (*see, Amabile v City of Buffalo,* 93 NY2d 471, 474; *Passaro v City of Newburgh,* 272

AD2d 385). Accordingly, the Supreme Court properly dismissed the complaint. O'Brien, J. P., McGinity, H. Miller and Adams, JJ., concur.