■ BRUCE FULGUM et al., Respondents, v TOWN OF CORT-LANDT, Appellant, et al., Defendant. [770 NYS2d 416]—

In an action to recover for property damage, the defendant Town of Cortlandt appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered September 26, 2002, as granted that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it "to the limited extent

that so much of the plaintiffs' claim as is predicated upon tree limbs, branches and leaves that obstructed a culvert upstream of the subject bridge, which contributed to the back-up of water that overflowed Route 9A and onto the plaintiffs' premises," and otherwise denied the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs were the owners of a bar and restaurant, the "Rocking Horse," located adjacent to a stream at 426 Old Albany Post Road in Croton-on-Hudson. Old Albany Post Road crossed the stream by way of a cement structure which the plaintiffs allege constituted a bridge. On September 17, 1999, during Hurricane Floyd, the structure collapsed, allegedly causing the stream to overflow and flood the plaintiffs' premises. The plaintiffs commenced this action alleging, inter alia, that the Town of Cortlandt's negligent failure to inspect, maintain, and repair the purported bridge proximately caused the damage to their property.

The Town moved for summary judgment dismissing the complaint on the grounds that (a) the structure was allegedly less than 20 feet wide and therefore constituted a culvert, which it was reportedly not obligated to inspect and repair, rather than a bridge, (b) no prior written notice of the alleged defect had been received, and (c) that the structure was destroyed by an act of God.

The Town's reliance upon section 230 (1) of article IX ("Bridges") of the Highway Law (which, as used in that article, defines "bridge" as "a structure including supports erected over a depression or an obstruction such as water . . . having an opening measured along the center of the track or roadway of more than twenty feet") is misplaced. "The definitions set forth in Highway Law § 230 by their own terms . . . appear not to have been intended to be applied outside of article IX" and "the Legislature does not appear to have intended to effect any changes in the determination of which public entities bear responsibility for the actual repair and maintenance of bridges" (*Matter of Chestnut Ridge v Howard*, 92 NY2d 718, 722 [1999]). Instead, in the absence of any controlling statutory definition, the terms "bridge" and "culvert" should be construed "in accordance with their plain, ordinary, [and] functional meanings" (*id.* at 723). Viewed in that context, since the purpose of the structure was to permit Old Albany Post Road and its accompanying pedestrian and vehicular traffic to cross the stream, the Supreme Court properly concluded that it constituted a bridge.

While a municipality may impose a more restrictive notice requirement than that contained in Town Law § 65-a (1), which permits either written or constructive notice (*see Bacon v Arden,* 244 AD2d 940, 941 [1997]), prior written notice statutes apply to "actual physical defects in the surface of a street, highway [or] bridge . . . of a kind which do not immediately come to the attention of the [Town] officers unless they are given actual notice thereof" (*Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362, 366 [1966]; *see Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917, 918 [1989]; *Myers v City of Port Jervis,* 288 AD2d 278 [2001]). They do not apply to defects other than surface defects or obstructions, such as the alleged latent structural defects which the plaintiffs' expert opined on, referring, inter alia, to the Uniform Code of Bridge Inspection (*see* 17 NYCRR part 165), which would have been revealed upon inspection (*see Hughes v Jahoda,* 75 NY2d 881 [1990]). A Town's independent, nondelegable duty to maintain the highways and bridges under its control, moreover, is not dependent upon the existence of a special relationship with the injured party (*see* Highway Law § 140; *Thompson v City of New York,* 78 NY2d 682, 685 [1991]).

"For a loss to be considered the result of an act of God, human activities cannot have contributed to the loss in any degree" (*Cangialosi v Hallen Constr. Corp.,* 282 AD2d 565, 566 [2001]). "As the record contains no evidence of routine maintenance or repair, it cannot be determined at this juncture if the damage to the [bridge] was a consequence of negligent maintenance or repair . . . as the plaintiffs claim, or an act of God, as the [Town] contends" (*Zeltmann v Town of Islip,* 265 AD2d 407, 408 [1999]). "Proximate cause is a jury question" (*Nowlin v City of New York,* 81 NY2d 81, 89 [1993]; *see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]). Accordingly, in view of, inter alia, the triable issues of fact which remain as to the Town's purported negligent failure to inspect and repair the bridge and whether that alleged failure caused it to collapse, the Supreme Court's determination was correct. Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.