■ HAROLD MOORE et al., Respondents, v JOSEPH GOTTLIEB et al., Appellants, et al., Defendant. [848 NYS2d 328]—

In an action to recover damages for trespass, negligence, and nuisance, the defendants Joseph Gottlieb and Monticello Blacktop Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated September 5, 2006, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs to the respondents payable by the appellants.

Contrary to the appellants' contention, they failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. For a loss to be considered the result of an act of God, human activities cannot have contributed to the loss in any degree (see Cangialosi v Hallen Constr. Corp., 282 AD2d 565, 566 [2001]). It cannot be determined at this juncture if the damage to the plaintiffs' property was a consequence of negligence or an act of God (see Fulgum v Town of Cortlandt, 2 AD3d 775, 777 [2003]; Zeltmann v Town of Islip, 265 AD2d 407, 408 [1999]). "Proximate cause is a jury question" (Nowlin v City of New York, 81 NY2d 81, 89 [1993]). Accordingly, the Supreme Court properly denied the motion for summary judgment, regardless of the sufficiency of the plaintiffs' opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.