■ CLAUDIA ABARCA, Appellant, v CLARKS SHOES, Defendant, and MACERICH QUEENS LIMITED PARTNERSHIP, Respondent. [916 NYS2d 183]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated September 25, 2009, as granted the motion of the defendant Macerich Queens Limited Partnership which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) so much of an order of the same court dated April 23, 2010, as denied that branch of her motion which was for leave to renew her opposition to the motion of the defendant Macerich Queens Limited Partnership.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The defendant Macerich Queens Limited Partnership (hereinafter Macerich) owned the Queens Center shopping center. In 2003, Macerich rented a store at the Queens Center to the defendant Clarks Shoes (hereinafter Clarks) for use as a retail shoe store. The plaintiff was a manager at a Coach store in the Queens Center, which was located beneath the Clarks store.

According to evidence submitted by Macerich, on July 18, 2007, a particularly strong storm struck Queens, producing 2.67 inches of rain at La Guardia Airport over a span of approximately four hours. The storm caused extensive and severe flooding throughout the area.

The plaintiff allegedly sustained injuries on the day of this storm when she slipped on water that had leaked through the ceiling from the Clarks store and onto the floor in the Coach store. She commenced this action against Clarks and Macerich. Macerich moved for summary judgment dismissing the complaint insofar as asserted against it. In support of its motion, Macerich submitted evidence demonstrating that the toilet in the Clarks store had overflowed during the storm, and that the water had erupted from the toilet with sufficient force to reach the eight-foot-high ceiling. Additionally, Macerich's evidence established that many of the stores within the Queens Center experienced flooding and burst pipes as a result of the storm. The Supreme Court granted Macerich's motion. The plaintiff then moved, inter alia, for leave to renew her opposition to Macerich's motion. The Supreme Court denied that branch of the plaintiff's motion which was for leave to renew.

The Supreme Court properly granted Macerich's motion for summary judgment dismissing the complaint insofar as asserted against it. Macerich demonstrated, prima facie, that the storm was an act of God, and that the resulting damage, under the particular circumstances here, could not have been prevented by human care, skill, and foresight (see Tel Oil Co. v City of Schenectady, 278 AD2d 571, 574 [2000], citing Michaels v New York Cent. R.R. Co., 30 NY 564, 571 [1864]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557 [1980]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew. The plaintiff failed to establish that the allegedly new evidence she offered was previously unavailable or that there was a reasonable justification for her failure to present it in opposition to the original motion (see CPLR 2221 [e];

*Crystal House Manor, Inc. v Totura*, 29 AD3d 933, 933-934 [2006]; *see generally Matter of Surdo v Levittown Pub. School Dist.*, 41 AD3d 486 [2007]).

In light of our determination, we need not address the plaintiff's remaining contentions. Florio, J.P., Dickerson, Chambers and Lott, JJ., concur.