■ Nancy Maio, Appellant, v John Andrew, Inc., et al., Respondents. [924 NYS2d 803]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated March 24, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly tripped and fell as she attempted to enter the defendants' restaurant. The entryway was not flush with the exterior ground, and the doorsill protruded out of the exterior wall, forming an overhang or lip. As the plaintiff attempted to enter the restaurant, her right toes struck the overhang or lip, allegedly causing her to fall and sustain injuries. The plaintiff commenced this action against the defendants alleging negligence. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We reverse.

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material is-

sues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Here, the defendants failed to make that requisite showing. The evidence submitted by the defendants did not eliminate a triable issue of fact as to whether, under the circumstances of this case, the overhang or lip was an inherently dangerous condition (*see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1061-1062 [2010]; *Salomon v Prainito*, 52 AD3d 803, 805 [2008]). The defendants cannot satisfy their prima facie burden merely by pointing out gaps in the plaintiff's case (*see Stroppel v Wal-Mart Stores, Inc.*, 53 AD3d 651, 653 [2008]; *Picart v Brookhaven Country Day School*, 37 AD3d 798, 799 [2007]).

Since the defendants failed to satisfy their initial burden of establishing their prima facie entitlement to judgment as a matter of law, the burden did not shift to the plaintiff and we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.