BARBARA SAWICKI, Respondent, v GAMESTOP CORP. et al., Respondents, and WESTFIELD MANAGEMENT, INC., et al., Appellants, et al., Defendant. [966 NYS2d 447]—

In an action to recover damages for personal injuries, the defendants Westfield Management, Inc., Westfield Corporation, Inc., Westfield Shopping Center Management, Westfield LLC, Westfield Sunrise Mall, Westfield Group, Westfield Holdings Limited, Westfield Management Limited, Westfield America Management Limited, and Sunrise Mall, LLC, appeal from an order of the Supreme Court, Nassau County (Phelan, J.), dated September 7, 2011, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and on their cross claims for defense and indemnification against the defendants GameStop Corp., GameStop, Inc., GameStop of New York, GameStop, GameStop Corp., doing business as GameStop, GameStop, Inc., doing business as GameStop, and GameStop of New York, doing business as GameStop.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In this action to recover damages for personal injuries, stemming from an alleged slip-and-fall accident at the GameStop store in the Sunrise Mall in Massapequa, the defendants Westfield Management, Inc., Westfield Corporation, Inc., Westfield Shopping Center Management, Westfield LLC, Westfield Sunrise Mall, Westfield Group, Westfield Holdings Limited, Westfield Management Limited, Westfield America Management Limited, and Sunrise Mall, LLC (hereinafter collectively the Sunrise Mall defendants), moved for summary judgment dismissing the complaint insofar as against them and on their cross claims for defense and indemnification from the defendants GameStop Corp., GameStop, Inc., GameStop of New York, GameStop, GameStop Corp., doing business as GameStop, Gamestop, Inc., doing business as GameStop, and GameStop of New York, doing business as GameStop (hereinafter collectively the GameStop defendants). The Supreme Court denied the motion.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of establishing, prima facie, that it neither created the dangerous condition that allegedly caused the underlying accident nor had actual or constructive notice of its existence for a sufficient length of time to discover and rem-

edy it (*see Johnson v Culinary Inst. of Am.*, 95 AD3d 1077, 1078 [2012]; *Amendola v City of New York*, 89 AD3d 775 [2011]; *Schiano v Mijul, Inc.*, 79 AD3d 726 [2010]; *Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d 673, 674 [2007]). This burden cannot be satisfied merely by pointing to gaps in the plaintiff's case (*see Maio v John Andrew, Inc.*, 85 AD3d 741, 742 [2011]; *Stroppel v Wal-Mart Stores, Inc.*, 53 AD3d 651, 653 [2008]; *Picart v Brookhaven Country Day School*, 37 AD3d 798, 799 [2007]).

Here, in support of that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, the Sunrise Mall defendants submitted, inter alia, a transcript of the deposition testimony of the plaintiff, who claimed that she slipped and fell on a plastic mat in a GameStop store in the Sunrise Mall. The plaintiff testified that, at the time of her fall, the carpeting in the store was wet. Further, they proffered the transcript of the deposition testimony of an assistant manager of the Sunrise Mall, who testified that, several hours prior to the plaintiff's accident, there had been flooding in the mall due to substantial rain. The assistant manager testified that he did not know whether water from the flooding had entered the GameStop store, and did not know what steps the Sunrise Mall defendants took to address conditions which were the result of the entry of water into the mall. Additional evidence established that the Sunrise Mall defendants were responsible for, inter alia, maintaining the common areas of the mall.

Based upon this evidence, the Sunrise Mall defendants failed to establish, prima facie, that they did not create the condition which allegedly led to the plaintiff's fall or that they did not have actual or constructive notice of that condition (*see Johnson v Culinary Inst. of Am.*, 95 AD3d at 1079; *Amendola v City of New York*, 89 AD3d at 776; *Van Dina v St. Francis Hosp., Roslyn, N.Y.*, 45 AD3d at 674; *Roussos v Ciccotto*, 15 AD3d 641, 643 [2005]).

With respect to the issue of whether the Sunrise Mall defendants created a hazardous condition, they failed to establish their prima facie entitlement to judgment as a matter of law based on their contention that the water condition at the premises was caused by an act of God. For a loss to be considered the result of an act of God, human activities cannot have contributed to it in any degree (*see Moore v Gottlieb*, 46 AD3d 775 [2007]; *Fulgum v Town of Cortlandt*, 2 AD3d 775, 777 [2003]; *Cangialosi v Hallen Constr. Corp.*, 282 AD2d 565, 566 [2001]). Here, the Sunrise Mall defendants failed to establish, prima facie, that the alleged

wet condition at the premises was caused solely by an act of God, and was not the consequence of their own negligence (see Moore v Gottlieb, 46 AD3d at 775; Fulgum v Town of Cortlandt, 2 AD3d at 777; cf. Cangialosi v Hallen Constr. Corp., 282 AD2d at 566).

As the Sunrise Mall defendants failed to establish their prima facie entitlement to judgment as a matter of law, that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted as against them was properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852 [1985]).

That branch of the Sunrise Mall defendants' motion which was for summary judgment on their cross claims for defense and indemnification from the GameStop defendants was also properly denied. A party's right to contractual indemnification depends upon the specific language of the relevant contract (see Alfaro v 65 W. 13th Acquisition, LLC, 74 AD3d 1255 [2010]; Sherry v Wal-Mart Stores E., L.P., 67 AD3d 992, 994 [2009]; Canela v TLH 140 Perry St., LLC, 47 AD3d 743, 744 [2008]). Here, the subject lease provided that GameStop, as tenant, was required to "defend and save Landlord harmless and indemnified from all injury, loss, claims or damage (including attorney's fees and disbursements) to any Person or property, arising from, related to, or in connection with the use or occupancy of the Demised Premises . . . excluding, however, any fault or negligence by Landlord, its agents, servants, and contractors." As the Sunrise Mall defendants failed to establish that the plaintiff's injury did not arise from their own negligence, they failed to establish their prima facie entitlement to judgment as a matter of law with regard to their cross claim for contractual indemnification (see George v Marshalls of MA, Inc., 61 AD3d 925, 929 [2009]; Watters v R.D. Branch Assoc., LP, 30 AD3d 408, 409-410 [2006]). Similarly, they failed to establish their prima facie entitlement to judgment as a matter of law on their cross claim for common-law indemnification, because they failed to satisfy their prima facie burden of establishing that they were not negligent (see Robles v Bruhns, 99 AD3d 980, 982 [2012]; George v Marshalls of MA, Inc., 61 AD3d at 930). Finally, since the GameStop defendants are not insurers, their duty to defend was no broader than their duty to indemnify (see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 809 [2009]; George v Marshalls of MA, Inc., 61 AD3d at 930; Bryde v CVS Pharmacy, 61 AD3d 907, 908 [2009]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.