■ GULZHIYAN NESTERENKO, Appellant, v STARRETT CITY ASSOCIATES, L.P., et al., Respondents. [997 NYS2d 636]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated January 26, 2013, as denied that branch of her motion which was for leave to renew her opposition to the defendants' motion

for summary judgment dismissing the complaint, which had been granted in a prior order of the same court dated November 28, 2011.

Ordered that the order is affirmed insofar as appealed from, with costs.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Ali v Verizon N.Y., Inc.,* 116 AD3d 722, 723 [2014]; *Bardes v Pintado,* 115 AD3d 894 [2014]). " 'A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Aronov v Shimonov,* 105 AD3d 787, 788 [2013], quoting *Elder v Elder,* 21 AD3d 1055, 1055 [2005]; *see Worrell v Parkway Estates, LLC,* 43 AD3d 436, 437 [2007]).

Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint. The plaintiff failed to establish that the alleged new evidence was previously unavailable or that there was a reasonable justification for her failure to submit this evidence in opposition to the original motion (*see Abarca v Clarks Shoes,* 81 AD3d 675, 676 [2011]; *Crystal House Manor, Inc. v Totura,* 29 AD3d 933 [2006]; *cf. Gonzalez v Vigo Constr. Corp.,* 69 AD3d 565, 566 [2010]; *Bloom v Primus Automotive Fin. Servs.,* 292 AD2d 410 [2002]).

In light of our determination, we need not address the plaintiff's remaining contention. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.