■ GERMAN C. PACHECO, Respondent, v HALSTED COMMUNICATIONS, LTD., Appellant, et al., Defendants. (And Two Third-Party Actions.) [40 NYS3d 568]—

In an action to recover damages for personal injuries, the defendant Halsted Communications, Ltd., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (McDonald, J.), entered September 21, 2012, as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and (2) so much of an order of the same court entered January 27, 2014, as denied that branch of its motion which was for leave to renew its opposition to that branch of the plaintiff's prior cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when he fell while descending a 28-foot ladder after installing equipment on the roof of a single-family home. The plaintiff commenced this action against the owners of the home and two subcontractors, Halsted Communications, Ltd. (hereinafter Halsted), and MobilPro Installation Services, LLC, alleging, inter alia, a violation of Labor Law § 240 (1). Halsted moved, among other things, for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on that cause of action insofar as asserted against Halsted. The plaintiff argued that Halsted violated Labor Law § 240 (1) by failing to provide him with proper protection for the job, namely, a 40-foot extension ladder. In an order entered September 21, 2012, the Supreme Court denied that branch of Halsted's motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against Halsted.

Halsted then moved, inter alia, for leave to renew its opposition to the subject branch of the plaintiff's prior cross motion. Halsted submitted an affidavit of its former employee and contended that it contained new facts not offered in opposition

to that branch of the prior cross motion that would require its denial. In an order entered January 27, 2014, the Supreme Court declined to grant Halsted leave to renew. Halsted appeals from portions of both orders. We affirm insofar as appealed from.

To establish liability pursuant to Labor Law § 240 (1), a plaintiff must "demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries" (*Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 642 [2006] [internal quotation marks omitted]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that he was injured when he fell while descending an unsecured, 28-foot ladder, and that he was not provided with a safety device to prevent him from falling (*see Przyborowski v A&M Cook, LLC*, 120 AD3d 651, 653 [2014]; *Grant v City of New York*, 109 AD3d 961, 962 [2013]; *Canas v Harbour at Blue Point Home Owners Assn., Inc.*, 99 AD3d 962, 963 [2012]). Contrary to Halsted's contention, it failed to raise a triable issue of fact as to whether the plaintiff's decision to use a 28-foot ladder, rather than a 40-foot ladder, was the sole proximate cause of his injuries. The record reveals that there were no 40-foot ladders readily available to the plaintiff on the date of his accident, and that a Halsted employee nevertheless instructed the plaintiff that he was required to complete his job, or be fired. Under these circumstances, the plaintiff's use of the 28-foot ladder cannot be said to be the sole proximate cause of his injuries (*see Gallagher v New York Post*, 14 NY3d 83 [2010]; *Rice v West 37th Group, LLC*, 78 AD3d 492 [2010]; *Zong Mou Zou v Hai Ming Constr. Corp.*, 74 AD3d 800 [2010]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]), and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Nesterenko v Starrett City Assoc., L.P.*, 123 AD3d 1099, 1100 [2014]; *Lardo v Rivlab Transp. Corp.*, 46 AD3d 759, 760 [2007]). "[A] motion for leave to renew 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (*Renna v Gullo*, 19 AD3d 472, 473 [2005], quoting *Rubinstein v Goldman*, 225 AD2d 328, 329 [1996]).

The Supreme Court providently exercised its discretion in

denying that branch of Halsted's motion which was for leave to renew. Halsted submitted an affidavit of its former employee setting forth his version of events surrounding the accident, which included facts not previously considered by the court. However, the justification offered by Halsted for failing to submit those facts in opposition to the plaintiff's prior cross motion was not reasonable (*see Nesterenko v Starrett City Assoc., L.P.*, 123 AD3d at 1100; *Eskenazi v Mackoul*, 92 AD3d 828, 829 [2012]; *Lardo v Rivlab Transp. Corp.*, 46 AD3d at 760). Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.