# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**946**

**CA 16-00236**

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

DAVID GOWIN AND JOANNE GOWIN,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

AVOX SYSTEMS, INC., DEFENDANT-APPELLANT.

---

BARCLAY DAMON, LLP, BUFFALO (VINCENT G. SACCOMANDO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

HOGAN WILLIG, PLLC, AMHERST (SCOTT MICHAEL DUQUIN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered October 29, 2015. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by David Gowin (plaintiff) when he tripped and fell while unloading a trailer during a delivery to a facility operated by defendant. Plaintiff testified that his fall occurred when he was walking backward out of the trailer while pulling a load on a pallet jack, and his foot caught a "lip" at the edge of the "dock plate" that served as a ramp between the trailer and the loading dock. Defendant appeals from an order denying its motion for summary judgment dismissing the amended complaint, and we affirm. Even assuming, arguendo, that defendant met its initial burden of establishing as a matter of law that the condition of the dock plate was not dangerous or defective (*cf. Maio v John Andrew, Inc.*, 85 AD3d 741, 741-742; *Frazier v Pioneer Cent. Sch. Dist.*, 298 AD2d 875, 875), we conclude that plaintiffs raised a triable issue of fact with respect to that issue (*see Dietzen v Aldi Inc. [New York]*, 57 AD3d 1514, 1514; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to defendant's contention, plaintiffs were under no obligation to rebut the conclusion of defendant's expert with an expert of their own, inasmuch as "expert testimony is not required where[, as here,] the question of whether there is an unsafe condition is within the common knowledge and experience of jurors" (*Infante v Jerome Car Wash*, 52 AD3d 319, 320; *see Sousie v Lansingburgh Boys & Girls Club*, 291 AD2d 619, 620; *Bermeo v Rejai*, 282 AD2d 700, 701; *see*

*generally Havas v Victory Paper Stock Co.*, 49 NY2d 381, 386).

Entered:  November 10, 2016                     Frances E. Cafarell
                                                Clerk of the Court