Pena v 104 N. 6th St. Realty Corp. (2018 NY Slip Op 00157)





Pena v 104 N. 6th St. Realty Corp.


2018 NY Slip Op 00157


Decided on January 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-11399
2015-11400
 (Index No. 10193/12)

[*1]Liberato Pena, respondent, 
v
104 North 6th Street Realty Corp., appellant-respondent, YS Farm County Corp., respondent-appellant.


Cascone & Kluepfel, LLP, Garden City, NY (Howard B. Altman and James K. O'Sullivan of counsel), for appellant-respondent.
McAndrew, Conboy & Prisco, LLP, Melville, NY (Michael J. Prisco of counsel), for respondent-appellant.
Pena & Kahn, PLLC, Bronx, NY (Diane Welch Bando of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, (1) the defendant 104 North 6th Street Realty Corp. appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (King, J.), dated August 14, 2015, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant YS Farm County Corp. cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendant 104 North 6th Street Realty Corp. which was for summary judgment on so much of its cross claim as was for contractual indemnification with respect to all past and future attorneys' fees and litigation expenses incurred in the defense of this action, and (2) YS Farm County Corp. appeals from an order of the same court, also dated August 14, 2015, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it and the cross claim of the defendant 104 North 6th Street Realty Corp. By stipulation dated October 5, 2017, the parties stipulated that so much of the appeals and cross appeal as relate to the denial of those branches of the defendants' respective motions which were to dismiss the complaint insofar as asserted against them were withdrawn upon the consent of all of the parties.
ORDERED that the appeal by the defendant 104 North 6th Street Realty Corp. is dismissed as withdrawn, without costs or disbursements; and it is further,
ORDERED that the appeal by the defendant YS Farm County Corp. from so much of the second order dated August 14, 2015, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed as withdrawn, without costs or disbursements; and it is further,
ORDERED that the first order dated August 14, 2015, is reversed insofar as cross-[*2]appealed from by the defendant YS Farm County Corp., without costs or disbursements, and that branch of the motion of the defendant 104 North 6th Street Realty Corp. which was for summary judgment on so much of its cross claim as was for contractual indemnification with respect to all past and future attorneys' fees and litigation expenses incurred in the defense of this action is denied; and it is further,
ORDERED that the second order dated August 14, 2015, is affirmed insofar as reviewed, without costs or disbursements.
The plaintiff commenced this action against the defendants 104 North 6th Street Realty Corp. (hereinafter 104 North) and YS Farm County Corp. (hereinafter YS) to recover damages for personal injuries that he alleges he sustained when he fell on a sidewalk adjacent to a building owned by 104 North and leased to YS. YS answered and asserted a cross claim against 104 North. 104 North answered and asserted a cross claim against YS.
104 North moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and on so much of its cross claim as was for contractual indemnification with respect to all past and future attorneys' fees and litigation expenses incurred in the defense of this action. YS moved for summary judgment dismissing the complaint insofar as asserted against it and the cross claim of 104 North.
In an order dated August 14, 2015, the Supreme Court, inter alia, granted that branch of 104 North's motion which was for summary judgment on so much of its cross claim as was for contractual indemnification with respect to all past and future attorneys' fees and litigation expenses incurred in the defense of this action, and denied that branch of 104 North's motion which was for summary judgment dismissing the complaint insofar as asserted against it. In a second order dated August 14, 2015, the court denied YS's motion. 104 North and YS both appeal.
"The right to contractual indemnification depends upon the specific language of the contract . . . The intent to indemnify must be clearly implied from the language and purposes of the entire agreement and the surrounding circumstances" (Canela v TLH 140 Perry St., LLC, 47 AD3d 743, 744 [citation omitted]). Here, the subject lease provided that the tenant, YS, was required to indemnify the owner, 104 North, from all liabilities, including attorneys' fees, incurred as a result of YS's negligence. Since it has not been established whose negligence, if any, caused the plaintiff's alleged injuries, 104 North failed to establish its prima facie entitlement to judgment as a matter of law on so much of its cross claim as was for contractual indemnification with respect to all past and future attorneys' fees and litigation expenses incurred in the defense of this action (see Sawicki v GameStop Corp., 106 AD3d 979, 981; George v Marshalls of MA, Inc., 61 AD3d 925, 930). For the same reason, YS failed to establish its prima facie entitlement to judgment as a matter of law dismissing 104 North's cross claim insofar as asserted against it.
Accordingly, the Supreme Court properly denied that branch of YS's motion which was for summary judgment dismissing the cross claim insofar as asserted against it, and should have denied that branch of 104 North's motion which was for summary judgment on so much of its cross claim as was for contractual indemnification with respect to all past and future attorneys' fees and litigation expenses incurred in the defense of this action.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court