Geotech Enters., Inc. v 181 Edgewater, LLC (2021 NY Slip Op 01394)





Geotech Enters., Inc. v 181 Edgewater, LLC


2021 NY Slip Op 01394


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-04582
 (Index No. 704839/14)

[*1]Geotech Enterprises, Inc., et al., respondents,
v
181 Edgewater, LLC, appellant.


Menicucci Villa Cilmi, PLLC, Staten Island, NY (Daniela Guerrero of counsel), for appellant. 
Sipsas P.C., Astoria, NY (Ioannis [John] P. Sipsas of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for injury to property, the defendant appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered March 29, 2018. The order denied the defendant's motion for summary judgment dismissing the first and third causes of action.
ORDERED that the order is affirmed, with costs.
The plaintiffs allege that, without their knowledge, a nonparty entered into an agreement with the defendant whereby the defendant agreed to store the plaintiffs' property at its warehouse in exchange for $300 per day. The plaintiffs further allege that the property was thereafter destroyed by Hurricane Sandy while at the defendant's warehouse.
The plaintiffs commenced this action to recover damages for injury to property, alleging negligence in the first cause of action and a breach of the duty of care under UCC § 7-204 in the third cause of action. Thereafter, the defendant moved for summary judgment dismissing the first and third causes of action, which the plaintiffs opposed. The Supreme Court denied the defendant's motion. The defendant appeals.
"It is well established that, absent an agreement to the contrary, the owner of a warehouse is not an insurer of goods" (Northbrook Prop. & Cas. Ins. Co. v D.J.L. Warehouse Corp., 160 AD2d 917, 917; see I.C.C. Metals v Municipal Warehouse Co., 50 NY2d 657, 662). As a bailee, however, an owner of a warehouse is required to exercise reasonable care so as to prevent loss or damage to stored goods (see UCC § 7-204[a]; I.C.C. Metals v Municipal Warehouse Co., 50 NY2d at 662; Northbrook Prop. & Cas. Ins. Co. v D.J.L. Warehouse Corp., 160 AD2d at 917).
Here, the defendant failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law. The defendant did not establish that it lacked a duty of care based upon the absence of privity with the plaintiffs because bailees "'may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties'" (Landon v Kroll Lab. Specialists, Inc., 91 AD3d 79, 83, quoting Sommer v Federal Signal Corp., 79 NY2d 540, 551; see Grace v Sterling, Grace & Co., 30 AD2d 61, 65). The defendant also did not establish, prima facie, a lack of causation based upon Hurricane Sandy being an act of God because it did not [*2]demonstrate that human activities did not contribute to the loss in any degree (see Priore v New York City Dept. of Parks & Recreation, 124 AD3d 749, 750; Fulgum v Town of Cortlandt, 2 AD3d 775, 777; Cangialosi v Hallen Constr. Corp., 282 AD2d 565, 566). Finally, the defendant failed to demonstrate, prima facie, that the plaintiffs will be unable to recover any damages.
Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the first and third causes of action.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court