Llach v L.I.C.C. Realty Co. (2024 NY Slip Op 05894)

Llach v L.I.C.C. Realty Co.

2024 NY Slip Op 05894

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Index No. 153389/18 Appeal No. 3107 Case No. 2024-02161 

[*1]Ignacio Llach, Plaintiff-Respondent,
v
L.I.C.C. Realty Co., Defendant-Appellant.

Sheeley LLP, New York (Jon D. Lichtenstein of counsel), for appellant.
Gorayeb & Associates, PC, New York (John M. Shaw of counsel), for respondent.

Order, Supreme Court, New York County (James d'Auguste, J.), entered on or about March 15, 2024, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) cause of action, unanimously modified, on the law, to grant defendant's motion to the extent of dismissing all causes of action except the Labor Law § 240(1) cause of action, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured while performing construction work at a building owned by defendant. According to plaintiff, he was using a three-foot A-frame ladder to install a damper into a ceiling hole when the ladder shifted, causing him to fall.
Notably, the parties do not dispute that this ladder was inappropriate and less stable for plaintiff to use in performing the damper installation project due to the height differential between the ladder and ceilings of the medication rooms.
Plaintiff established his entitlement to partial summary judgment, as the record presents no issues of fact as to whether his own conduct was the sole proximate cause of his accident. Plaintiff testified that his supervisor had instructed him to quickly complete this project because of a looming building inspection. Against this imposed deadline, plaintiff looked in various places for a ladder more suitable for his task, but could not find a taller ladder that was typically stored in the workshop of the building. Because the taller ladder was not readily available, plaintiff was constrained to use the shorter one, and his use of same "cannot be said to be the sole proximate cause of his injuries . . ." (see Pacheco v Halsted Communications, Ltd., 144 AD3d 768, 769 [2d Dept 2016]). 
Plaintiff's causes of action other than the Labor Law § 240(1) claim are dismissed as abandoned. Plaintiff acknowledges that he did not oppose dismissal of those other causes of action, and he addresses only Labor Law § 240(1) on appeal (see e.g. Linares v Massachusetts Mut. Life Ins. Co., 225 AD3d 520, 521 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024