Hedayet v Comtroller (2025 NY Slip Op 50733(U))

[*1]

Hedayet v Comtroller

2025 NY Slip Op 50733(U)

Decided on May 5, 2025

Civil Court Of The City Of New York, Queens County

Lane, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 5, 2025
Civil Court of the City of New York, Queens County

Maksuda Hedayet, Plaintiff,

against
Comtroller, City of NY, Defendants.

Index No. CV-003315-22/QU

Plaintiff Pro Se
Maksuda Hedayet
Defendant/Attorney
Corporation Counsel, City of New York
100 Church Street 
New York, New York 10007

Peter F. Lane, J.

The following numbered papers were read on this motion by defendant for summary judgment dismissing plaintiff's complaint (CPLR § 3212).
Papers Numbered
Notice of Motion, Affirmation, Exhibits, Service 1-4
Affirmation in Opposition, Exhibits, Service
Affirmation in Reply, Exhibits, Service
Upon the foregoing papers it is ordered that defendant's motion for summary judgment is determined as follows:
Plaintiff commenced this action against defendants seeking recovery for property damage due to flooding on September 1, 2021, during Hurricane Ida. The notice of claim filed with the Office of the New York City Comptroller details property damage to plaintiff's basement and motor vehicle. The City of New York ("Defendant") now moves for summary judgment dismissing the complaint on the defense that the storm was an act of God and, absence proof of the defendant's negligence, defendant cannot be held liable for plaintiff's property damage (CPLR § 3212).
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Matter of Aaron Manor Rehabilitation & Nursing Ctr., [*2]LLC v Zucker, 42 NY3d 46 [2024], citing Alvarez v Prospect Hospital, 68 NY2d 320, 324 [1986]; see Schmitt v Medford Kidney Ctr., 121 AD3d 1088 [2d Dept 2014]; Zapata v Buitriago, 107 AD3d 977 [2d Dept 2013]; Zuckerman v. City of New York, 49 NY2d 557 [1980]). Once the movant has demonstrated, prima facie, a showing of entitlement to judgment, the burden shifts to the party opposing the motion to establish the existence of material issues of fact which require a trial of the action (see St. Claire v Empire Gen. Contr. & Painting Corp., 33 AD3d 611 [2d Dept 2006], quoting Alvarez v Prospect Park Hosp., supra at 324; Zuckerman v City of New York, supra at 562). "Upon a motion for summary judgment, the court's function is one of issue-finding rather than issue determination" (Martinez v 281 Broadway Holdings LLC, 183 AD3d 716, 719 [2d Dept 2020]; see Vega v Restani Constr. Corp., 18 NY3d 499 [2012]).
The elements of common-law negligence are a duty owed by the defendant to the plaintiff, a breach of that duty, and a showing that the breach of that duty constituted a proximate cause of the injury (see Ruiz v Griffin, 71 AD3d 1112, 1114 [2d Dept 2010]). It is long standing Court of Appeals precedent that it is within a municipal corporation's discretion to build and maintain sewer systems, and within said discretion, the municipal corporation cannot be held liable for flooding (see Lynch v New York, 76 NY 60, 61 [1879]). To establish an act of God defense, it is the defendant's burden to prove plaintiff's "losses were occasioned exclusively by natural causes, such that human care, skill, and foresight" (Abarca v Clarks Shoes, 81 AD3d 675, 676 [2d Dept 2011]) could not have prevented the resulting damage (see also Moore v Gottlieb, 46 AD3d 775 [2d Dept 2007]; Cangialosi v Hallen Constr. Corp., 282 AD2d 565, 566 [2d Dept 2001]). "If there be any co-operation of man, or any admixture of human means, the injury is not, in a legal sense, the act of God" (see Michaels v New York Cent. R.R. Co., 30 NY 564, 571 [1864]; see also Barnet v New York Cent. & Hudson Riv. R.R. Co., 222 NY 195, 198-199 [1918]).
In support of the motion, defendant submits copies of the pleadings, an attorney affirmation, a certified copy of the Local Climatological Daily Summary for September 2021 recorded at LaGuardia Airport, and records maintained by the Bureau of Water and Sewer Operations in the Department of Environmental Protection ("DEP"). Defendant also submits affidavits from Kisha M., DEP Claims Specialist, Michael S., DEP Administrative Engineer in the Bureau of Water and Sewer Operations, and Richman Y., DEP Supervisor in the Bureau of Water and Sewer Operations.
Defendant's affidavits and the accompanying evidence establish, prima facie, on September 1, 2021, Hurricane Ida, a historically severe storm, constituted an act of God and that "human care, skill, and foresight" could not have prevented such resulting damage (see Abarca, 81 AD3d at 676). Richman Y.'s affidavit, in conjunction with the DEP records, demonstrate the defendant was not on notice of sewer system defects in the subject area and that, in said area, defendant regularly inspected the catch basins. The burden shifted to plaintiff who, in the absence of opposition, failed to raise a triable issue of fact as to whether the defendant's contributing negligence caused the property damage alleged.
Defendant also moves to dismiss plaintiff's action against the Office of the New York City Comptroller. Pursuant to the New York City Charter, Chapter 17, Section 396, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law" (see generally Khela v City of NY, 91 AD3d 912, 914 [2d Dept 2012]). The Court finds the plaintiff erroneously brought this action against the Comptroller's Office, which is not an [*3]entity that can be sued. As such, plaintiff's complaint is likewise dismissed against co-defendant Office of the New York City Comptroller.
Accordingly, defendant's motion for summary judgment dismissing plaintiff's complaint is granted.
This is the Decision and Order of the Court. 
Date: May 5, 2025
Hon. Peter F. Lane, JCC